IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| SHADRICK BURRAGE,<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA and SAFECO INSURANCE A LIBERTY MUTUAL COMPANY,<br><br>Defendant. | CASE NO. 3:21-cv-69<br><br><br>**NOTICE OF REMOVAL OF CIVIL ACTION AND LOCAL RULE 81 STATEMENT** |

COMES NOW Defendant Safeco Insurance Company of America ("Safeco"), by and through the undersigned counsel, and pursuant to 28 U.S.C. § 1441 and Local Rule 81, hereby gives notice of removal from the Iowa District Court for Scott County to the United States District Court for the Southern District of Iowa and makes its Local Rule 81 statement.

## I. INTRODUCTION

1. Safeco respectfully submits that removal is proper because the requirements for Federal jurisdiction are satisfied: (1) The parties are completely diverse, (2) the amount in controversy exceeds $75,000 and (3) this Notice is timely filed.

## II. APPLICABLE STANDARDS

2. Under 28 U.S.C. § 1441(a), an action of which the district courts of the United States have original jurisdiction may be removed to federal court if a timely petition for removal is filed. A state court action may be removed to federal court if the federal court would have had diversity jurisdiction over the action under 28 U.S.C. § 1332(a) at the time of the initial pleading

and when the removal notice is filed. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010) (citing 28 U.S.C. § 1441(a)-(b)).

### III. LOCAL RULE 81 STATEMENT

3.   As required by 28 U.S.C. § 1446(a) and Local Rule 81(a)(1), Safeco provides the following information in support of the Notice for removal:

#### A.   State Court pleadings

4.   Safeco has reviewed the electronic docket in this case and determined that the following pleadings have been filed:

   i. Petition and Jury Demand with attachment (filed 08/04/21),

   ii. Original Notice (filed 08/04/21),

   iii. Original Notice (filed 08/04/21),

   iv. Other Affidavit Service of Notice with attachment (filed 08/16/21),

   v. Other Affidavit Service of Notice with attachment (filed 08/16/21), and

   vi. Motion to Withdraw Counsel (filed 8/16/21).

Copies of the above are attached to this Notice as required. Counsel's motion to withdraw is still pending.

5.   Current counsel of record is as follows:

> L. Craig Nierman
> Phelan Tucker Law LLP
> 321 East Market Street
> P.O. Box 2150
> Iowa City, Iowa 52244

#### B.   The Notice is timely

6.   On August 4, 2021, Plaintiff commenced this action with the filing of the Petition in the Iowa District Court for Scott County. Plaintiff seeks compensatory, consequential, and

punitive damages, alleging breach of insurance contract, waiver, unjust enrichment, and bad faith.

7. Safeco was served on or about August 10, 2021, via service of the Iowa Secretary of State, as provided under Iowa statute.

8. On August 27, 2021, Safeco filed this Notice of removal and therefore, it is timely as this is within thirty (30) days of receipt of service. *See* 28 U.S.C. § 1446(b).

### C. Complete Diversity Exists

9. Plaintiff is a citizen of Iowa (Petition, ¶ 1). Safeco is a citizen of New Hampshire with a principal place of business in Massachusetts.[1] Complete diversity is present in this case where a citizen of Iowa has sued Safeco, a citizen of New Hampshire. *See* 28 U.S.C. § 1332(a)(1) (citizens of different states are diverse).

### D. The Amount in Controversy Exceeds $75,000

10. The amount in controversy, under 28 U.S.C. § 1332, requires the sum or value of the lawsuit to exceed $75,000 for the district court to have original jurisdiction. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

11. It is well established that the requirements for diversity jurisdiction must be satisfied only with respect to the time of filing. *See Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010) (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004)). In a breach of insurance agreement, the Policy limits are relevant when determining the amount in controversy. *Id.* (citing *Budget Rent–A–Car v. Higashiguchi*,

---

[1] Safeco Insurance A Liberty Mutual Company is merely a trade name and not a viable legal entity.

109 F.3d 1471, 1473 (9th Cir. 1997). In addition to compensatory damages other related amounts, such as consequential damages, count toward the jurisdictional minimum needed to satisfy the diversity jurisdiction. *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348-49 (8th Cir. 2007) ("[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude . . . that the damages" exceed $75,000.) (citation omitted).

12. The true amount in controversy exceeds $75,000 when Plaintiffs' damages are considered, including the demands for compensatory, consequential, and punitive damages. Plaintiffs' petition alleges breach of contract damages, bad faith, and punitive damages including attorney fees, court costs, and restitution.

WHEREFORE, the Defendant, Safeco Insurance Company of America, hereby removes the above captioned case from the Iowa District Court for Scott County, bearing Case Number LACE134107 to the United States District Court for the Southern District of Iowa.

Respectfully submitted,

GREFE & SIDNEY, P.L.C.

By  /s/ Patrick J. McNulty
Patrick J. McNulty    AT0005346

By  /s/ Aaron W. Lindebak
Aaron W. Lindebak    AT0011917
500 East Court Avenue, Suite 200
P.O. Box 10434
Des Moines, Iowa 50306
Telephone: (515) 245-4300
Fax: (515) 245-4452
E-mail: pmcnulty@grefesidney.com
E-mail: alindebak@grefesidney.com
ATTORNEYS FOR DEFENDANT
SAFECO INSURANCE COMPANY
OF AMERICA